# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
         **Plaintiff,**

         **v.**                                          **Case No. 06-CR-336**

**USMAN TARIQ**
                  **Defendant.**

---

## SENTENCING MEMORANDUM

Defendant Usman Tariq pleaded guilty to conspiring to distribute 500 grams or more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(B) & 846, and I set the case for sentencing. In imposing sentence, I first calculate the advisory sentencing guideline range, then determine the actual sentence by applying the criteria set forth in 18 U.S.C. § 3553(a) to the facts and circumstances of the case. See, e.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

### I. GUIDELINES

The parties agreed to a base offense level of 26 under U.S.S.G. § 2D1.1(c)(7), based on a drug weight of 500 grams to 2 kilograms of cocaine, with a 3 level reduction for acceptance of responsibility under § 3E1.1, for a final offense level of 23. Coupled with defendant's criminal history category of VI, level 23 produces a range of 92-115 months imprisonment. I found these calculations correct and adopted them accordingly.

### II. SENTENCE

**A.       Section 3553(a) Factors**

In the imposing the actual sentence, the court considers:

         (1)       the nature and circumstances of the offense and the history and

characteristics of the defendant;

(2)     the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the advisory guideline range;

(5)     any pertinent policy statements issued by the Sentencing Commission;

(6)     the need to avoid unwarranted sentence disparities; and

(7)     the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in § 3553(a)(2). The court must give respectful consideration to the guidelines in determining a sufficient sentence, Gall v. United States, 128 S. Ct. 586, 594 (2007), but it may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, after accurately calculating the advisory range so that it "can derive whatever insight the guidelines have to offer," the court must sentence "based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). Despite the advisory nature of the guidelines, however, the court may not apply § 3553(a) to reduce a mandatory minimum sentence required by statute. See, e.g., United

2

States v. Duncan, 479 F.3d 924, 930 (7th Cir.), cert. denied, 128 S. Ct. 189 (2007). In the present case, the statute of conviction required a sentence of at least 60 months.

**B.     Analysis**

**1.     The Offense**

Defendant's prosecution arose out of the government's investigation of a large-scale cocaine distribution organization in the Waukesha, Wisconsin area, which included the use of wiretaps. Through these interceptions, the government learned that defendant purchased cocaine for re-distribution from Javier Aguilera, one of the main participants in the conspiracy, in 1 to 5 ounce quantities. During the monitoring of Aguilera's phone in July and August 2006, agents intercepted about thirty-three drug-related calls between the two, and the parties agreed that defendant should be held responsible for a total of 500 grams to 2 kilograms of cocaine.

**2.     The Defendant**

Defendant came to this country with his family from Pakistan at age eleven and became a U.S. citizen. However, despite a good childhood, he joined a gang at age fourteen, started using alcohol and drugs, dropped out of school and worked little. By the time of sentencing in this case, at age twenty-three, defendant had compiled a fairly significant record, with juvenile adjudications for graffiti, criminal damage to property, drug possession, and resisting an officer; and adult convictions for hit and run, resisting and carrying a concealed weapon, possession of drug paraphernalia, and finally possession with intent to deliver marijuana. A state court placed defendant on probation for the final offense in July 2006, but after his arrest in connection with the instant offense in August 2006 state authorities revoked his probation and the court imposed a 3 year prison sentence, which he was serving at the time I sentenced him.

3

Defendant performed poorly on supervision in the community in his previous cases as well, being revoked several times.

However, since being taken into custody in August 2006 defendant appeared to be moving in a more positive direction. He obtained his High School Equivalency Degree, earning high marks from his instructors. He also completed other classes offered through M & I Community Education in the areas of business and finance. Finally, he enrolled in adult basic education classes through Moraine Park Technical College, and his instructor provided a letter praising his hard work and positive attitude.

### 3.    Guidelines and Purposes of Sentencing

As noted above, the guidelines recommended 92-115 months, and the statute required at least 60 months. Under all of the circumstances and on consideration of the arguments of counsel, I found a sentence of 66 months, running concurrently with the balance of the state revocation sentence, sufficient but not greater than necessary.

In making this determination, I considered the timing and effect of defendant's undischarged state sentence. Defendant had been in custody since his arrest in connection with this case in August 2006.[1] As indicated above, state authorities revoked defendant's probation based on the instant offense conduct and imposed a 3 year prison term, and his time in custody since his arrest would properly be credited to that state revocation sentence. See 18 U.S.C. § 3585(b) (prohibiting "double" credit on a federal sentence). Although the guidelines recommend a consecutive term where the defendant was on probation at the time he committed the instant offense, see U.S.S.G. § 5G1.3 cmt. n.3(C), the court nevertheless

---

[1]That arrest was made by state not federal authorities, but the parties agreed that the cocaine seized at that time was relevant conduct in this case.

4

possesses discretion to impose a concurrent term, see 18 U.S.C. § 3584; United States v. Jackson, 546 F.3d 465, 469-70 (7th Cir. 2008). The Seventh Circuit has recognized that, as was the case here, when the conduct underlying the revocation and the instant offense is the same, "a concurrent sentence would be reasonable." United States v. Huusko, 275 F .3d 600, 603 (7th Cir. 2001); see also Jackson, 546 F.3d at 470-72 (reversing where the sentencing judge failed to explain why he found a consecutive sentence necessary under similar circumstances). Under the factors set forth in 18 U.S.C. § 3553(a) and U.S.S.G. § 5G1.3 cmt. n.3(A), I found a concurrent sentence appropriate here.[2]

Defendant had already seen a 2 point increase in his criminal history score because he was on probation in the state case, see U.S.S.G. § 4A1.1(d), and a 1 point increase because of a jail sanction he served on that state case, see U.S.S.G. § 4A1.1(e), in addition to the 3 points he received for the state conviction itself, see U.S.S.G. §§ 4A1.1(a) & 4A1.2(k). Absent those points, he would have fallen in criminal history category IV rather than VI, as he had just 8 points otherwise. To impose the instant sentence consecutively on top of that significant effect on the guideline range, would have placed far too much weight on a state court conviction involving about 448 grams of marijuana (PSR ¶ 157), an amount that barely registers under the federal drug guideline. See U.S.S.G. § 2D1.1(c)(16).[3]

Further, the state revocation sentence was determinate and set to discharge June 2009, meaning that, due to the timing, the instant sentence imposed in December 2008 would be only

---

[2]The government did not oppose a concurrent term.

[3]The parties agreed that the state court marijuana conviction did not constitute relevant conduct to the instant offense, such that would U.S.S.G. § 5G1.3(b) apply.

5

partially concurrent.[4]  Thus, even a sentence near the statutory minimum constituted a significant incremental punishment, one sufficient to satisfy the purposes of sentencing.[5]  Given this timing, I also took into account the lost opportunity for a fully or nearly fully concurrent sentence in setting the term of imprisonment for the instant offense.  See, e.g., United Sates v. Valadez, No. 07-CR-245, 2008 WL 4066092, at *3 (E.D. Wis. Aug. 27, 2008) (reducing sentence to account for discharged state revocation sentence based on the instant offense conduct); United States v. Montanez, No. 04-CR-239, 2007 WL 2318527, at *3 (E.D. Wis. Aug. 9, 2007) (imposing a below-guideline sentence based on "the lost opportunity for concurrent time"); see also Jones, 233 F. Supp. 2d at 1076 (collecting pre-Booker cases permitting departures or adjustments in order to approximate a fully concurrent sentence).

This sentence was sufficient to satisfy the purposes of sentencing.  Cocaine distribution is a serious offense, and defendant's involvement was not slight, however it appears to have been of relatively short duration, and the record suggested no other aggravating circumstances, such as violence, weapon possession or threats.  It also appeared as though the motive for his involvement was at least in part to obtain money for cocaine and/or to obtain more cocaine for his own use.  Therefore, under the specific circumstances, this sentence was sufficient to

---

[4]A concurrent sentence generally commences on the date of its imposition, not on the date of the commencement of the prior state sentence with which it is ordered to run concurrent.  See generally United States v. Walker, 98 F.3d 944, 945 (7th Cir. 1996).

[5]The guidelines used to recommend that the district court consider "the total punishment that would have been imposed . . . had all of the offenses been federal offenses for which sentences were being imposed at the same time." United States v. Jones, 233 F. Supp. 2d 1067, 1078 (E.D. Wis. 2002) (discussing pre-1995 commentary).  Combining the state marijuana offense with the instant offense would likely have resulted in the same guideline range; in other words, the amount of marijuana involved in the state case appears to have been too insubstantial to result in an increase in the offense level for this cocaine offense.

6

provide just punishment.  See 18 U.S.C. § 3553(a)(2)(A).

The length of defendant's record suggested a need to protect the public, but on closer inspection most of his convictions appeared to be relatively minor and were clustered between the ages of seventeen and twenty.  Although he had been in custody since the age of twenty-one, thus preventing him from picking up more offenses (and somewhat diminishing the strength of his argument that category VI overstated his record), I did accept that defendant had made strides towards turning his life around while in custody, as evidenced by the certificates and letters he presented.  I also agreed that defendant's record did not resemble that of most category VI offenders, who generally have more serious and/or numerous felonies on their records.  Therefore, I found this sentence sufficient to protect the public.  See 18 U.S.C. § 3553(a)(2)(C).

I also found this sentence sufficient to deter.  As both sides recognized, the state courts involved in defendant's previous cases generally placed him on probation, which did not suffice to deter him from future offenses.  Therefore, prison was needed to send a message.  However, because defendant had never done prison time before the instant arrest and resulting revocation sentence,[6] this sentence in conjunction with the revocation term provided a sufficient deterrent.  See 18 U.S.C. § 3553(a)(2)(B); see also United States v. Qualls, 373 F. Supp. 2d 873, 877 (E.D. Wis.2005) ("Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend.").

As defendant acknowledged, he had significant substance abuse treatment needs.  See

---

[6]His prior revocation sentences were county jail terms.

7

18 U.S.C. § 3553(a)(2)(D). Under the circumstances, I had to address those needs initially via recommendations to the Bureau of Prisons and later as conditions of supervised release. I recommended that defendant participate in the Bureau's residential drug abuse treatment program, for which he appeared to be a good candidate given his positive adjustment during pre-trial detention.

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 66 months to run concurrently with the undischarged portion of the state sentence. This sentence varied modestly from the guidelines, a little more than 3 levels. In any event, it was supported by the specific facts and circumstances discussed herein, so it created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6). Upon release, I ordered defendant to serve four years of supervised release, with a drug aftercare and other conditions that appear in the judgment.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

8